**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CLAUDIA PONCE, individually, and on behalf of all other persons similarly situated,** | |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| **EAST NORWICH BAGELS, INC, and JOHN DOES, individually.** | |
| Defendants. | |

Plaintiff CLAUDIA PONCE ("PONCE" or "Plaintiff") on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants EAST NORWICH BAGELS, INC., and JOHN DOES, individually, (collectively "Defendants"), and alleges as follows:

## <u>INTRODUCTION</u>

1.   Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2.   Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated –non-exempt cooks– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and applicable state laws of the State of New York.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

5.      Venue is proper in the District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      At all times material hereto, Plaintiff performed cooking duties for the Defendants in New York and based from Defendants' business located in East Norwich, New York. Defendants are therefore within the jurisdiction and venue of this Court.

7.      At all times pertinent to this Complaint, the Defendant East Norwich Bagels, Inc., is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants own, operate, and/or manage a corporation, which buys materials and goods using the channels of interstate commerce to provide its end product to Defendants' consumers. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

8.   Plaintiff Ponce is an adult individual who is a resident of Nassau County, New York.

9.     Plaintiff Ponce was employed by Defendants full time as a cook.  Plaintiff's duties included, but were not limited to, preparing sandwiches and salads for Defendants' consumers.

10.     Plaintiff worked for Defendants from in or about June, 2019, through in or about the June, 2022.

**Corporate Defendant**

11.     The Defendants own and/or maintain a restaurant that provides bagels, sandwiches, and salads, in East Norwich, New York.

12.     At all times relevant to this Complaint, the Defendant East Norwich Bagels, Inc.,, employs individuals to perform labor services on behalf of the Defendants.

13.     Upon information and belief, at all times relevant to this Complaint, the Defendant, East Norwich Bagels, Inc.'s, annual gross volume of sales made or business done was not less than $500,000.00.

14.      At all times relevant to this Complaint, the Defendant East Norwich Bagels, Inc., was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Individual Defendant**

15.     Upon information and belief, Defendant John Doe is a New York state resident.

16.     Upon information and belief, at all times relevant to this Complaint, individual Defendant John Doe has been an owner, partner, officer and/or manager of the Defendant East Norwich Bagels, Inc.

17.     Defendant John Doe was regularly present at the Defendant bagel restaurant.

## **FACTS**

18.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

19.     From approximately June, 2019, until in or about June, 2022, Plaintiff was paid an hourly rate, which increased periodically throughout her employment.

20.     During her employment with Defendants, Plaintiff's hourly rate of pay ranged from $12.00 to $16.00 per hour.

21.     Plaintiff routinely worked six (6) days per week.

22.     Plaintiff routinely worked between nine (9) and ten (10) hours per day.

23.     Plaintiff worked approximately fifty-five (55) hours per week.

24.     Plaintiff rarely, if ever worked, less than forty (40) hours a week.

39.     Plaintiff was not paid time and one half for her hours worked over forty (40) in a work week.  Instead, Plaintiff was improperly paid her regular rate of pay for all hours worked.

40.     Upon information and belief, employees similarly situated to Plaintiff were also improperly paid their regular rate of pay.

41.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

42      At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

43.     This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NYLL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

44.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

45.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

46.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

47.     The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked overtime hours in one or more work periods, on or after October 17, 2016, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

48.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

49.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 48 above.

50.     Plaintiff is entitled to be paid additional compensation for each of her overtime hours worked per work period.

51.     All similarly situated employees of the Defendants are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

52.     Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one half of their regular rate of pay for their overtime hours worked in a work period.

53.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

54.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NYLL**

55.     Plaintiff re-alleges, and incorporate here by reference, all allegations contained in the paragraphs above.

56.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action Complaint.

57.     At all relevant times, Plaintiff, and others similarly situated to Plaintiff, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58.     Plaintiff and those similarly situated employees are covered by the NYLL.

59. Defendants failed to pay Plaintiff and employees similarly situated all of the overtime wages to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142, who have worked overtime hours in one or more work periods, on or after mid August 2016.

58.     Defendants have failed to pay Plaintiff and those similarly situated employees all of their overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

59.     Defendants' violations of the NYLL, as described in this Collective Action Complaint, have been willful and intentional.

60.     Due to Defendants' violations of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT  III
## RECOVERY FOR RECORD KEEPING VIOLATIONS
## PURSUANT TO THE NYLL

61.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

62.     Defendants have willfully failed to supply Plaintiff and those similarly situated employees, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or similarly situated employees, as their primary language, containing Plaintiff's or employees similarly situated, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

63.      Defendants have willfully failed to supply Plaintiff and those employees similarly situated, with an accurate statement of wages at the time of hire as required by NYLL Art. 6 § 195(1), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

64.      Defendants also failed to provide the Plaintiffs and other plumbing employees with an accurate statement with every payment of wages which provided all of the information required under New York Labor Law § 195(3).

65.      For Defendants' violation of New York Labor Law § 195(1), Plaintiff and the other restaurant employees are entitled to $250 for each work day in which this violation occurred or continued to occur, in an amount not to exceed $5,000 per employee.

66.      For Defendants' violation of New York Labor Law § 195(3), Plaintiff and the other restaurant employees are entitled to $250 for each work day in which this violation continued to occur, in an amount not to exceed $5,000 per employee.

67.      Plaintiff and the other employees also seek, and are entitled to attorneys' fees and costs.

**<u>JURY TRIAL</u>**

68.      Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff CLAUDIA PONCE, and those similarly situated to her, who have or will become part of this collective action, demand judgment, against Defendants EAST NORWICH BAGELS, INC., and JOHN DOE, individually, for the payment of compensation for all overtime hours due them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: October 17, 2022                         Respectfully submitted,

                                                 /s/ Jodi J. Jaffe
                                                Jodi J. Jaffe, Esquire
                                                E-mail: JJaffe@JaffeGlenn.com
                                                New York Bar No.: JJ8034
                                                **JAFFE GLENN LAW GROUP, P.A.**
                                                300 Carnegie Center, Suite 150
                                                Princeton, New Jersey 08540
                                                Telephone: (201) 687-9977
                                                Facsimile: (201) 595-0308
                                                *Attorneys for Plaintiffs*