

300 Carnegie Center, Suite 150, Princeton, NJ 08540
Tel: (201) 687-9977 Facsimile: (201) 595-0308 Toll: (866) 216-4124
Florida ● New Jersey ● New York

June 23, 2023

**VIA CM/ECF**
Honorable Magistrate Judge Steven Tiscione
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      **Re:**    **Ponce v. East Norwich Bagels, Inc., et.al.**
            **Dkt. No.: 2:22-cv-06266-KAM-ST**

Dear Hon. Judge Tiscione:

      Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff Claudia Ponce ("Ponce" or "Plaintiff") and Defendants Ben Kan Enterprises II, Inc., doing business as East Norwich Bagels, and Jon Bendrihem, Individually (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties") submit this joint letter motion requesting the Court to approve the Parties' Proposed Settlement Agreement and Release (the "Settlement Agreement") (Exhibit A), and to dismiss this case with prejudice per the enclosed Stipulation of Dismissal with Prejudice (Exhibit B).

## **PROCEDURAL HISTORY**

      On October 17, 2022, a Collective Action Complaint was filed against Defendants East Norwich Bagels, Inc., and John Does, Individually [DE-1]. Since that time, the parties have stipulated that Ben Kan Enterprises, II, Inc, and Jon Bendrihem, are proper Defendants as well. An Amended Complaint with the proper Defendants has been submitted to Defendants for their approval for subsequent filing. Via the Complaint, Plaintiff, on behalf of herself and similarly situated kitchen workers, sought damages for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et.al., and associated New York Labor Law ("NYLL") violations, as well as damages for violations of the record provisions of the NYLL. Defendants filed their Answer on December 20, 2022 [DE9], denying the factual allegations and

Plaintiff's entitlement to the damages alleged in the Complaint.

After an FRCP Rule 26, conference, the Defendants consented to conditional certification of a class of kitchen workers, for settlement purposes only. At that time, Plaintiff agreed to explore third party liability of the predecessor entity owners versus Defendants' potential successor liability, for the years Plaintiff worked before the Defendants' purchase of the restaurant. It was only after the preparation of a Discovery Confidentiality Order, which was filed with the Court [DE 14], a Tolling Agreement entered into by the Parties, as well as submission of draft proposed Notices of Lawsuit and Opt-In forms to Defendants' counsel, that Defendants determined and shared with Plaintiff the fact that there were only three putative class members. After a review of Defendants' contract of purchase of East Norwich Bagels, the sale of which occurred in early September, 2018, and an independent investigation of the predecessor individual owner, which revealed the owner's departure from New York, and finally the fact that the putative class consisted only of three individuals, that the parties agreed that settlement of Plaintiff's claims on an individual basis would be a more judicious use of all Parties' resources.

Defendants thereafter delivered hundreds of pages of Plaintiff's time and payroll records while working for Defendants for almost 4 years, or from September 1, 2018, through approximately June, 2022, when Plaintiff left the employ of Defendants. After working through the issues delineated above, which included the identification and addition of parties to the action, successor liability, and the propriety of a collective action, the parties have since agreed to settle this matter, so as to avoid the costs associated with further litigation and the uncertainty of same. Therefore, the Parties seek the Court's approval of this settlement in accordance with the requirements of the FLSA and the decision of the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (". . . stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

The Parties, through their respective counsel, reached an amicable Settlement Agreement over disputed claims. The Parties and their respective counsel believe that the proposed settlement, in light of the amount to be recovered by Plaintiff, as well as the potential risks associated with a trial in this matter, and the fact that the settlement obtained was resultant from arm's length negotiations of counsel, with no attendant fraud or collusion, make this a fair and reasonable resolution and in the mutual best interest of the Parties. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 322, 335 (S.D.N.Y. 2012); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Plaintiff's counsel determined the Plaintiff's damages by calculating her weekly time worked, as reflected on timecards, and calculating her unpaid overtime by multiplying her ½ time rate of pay times the number of overtime hours worked each week. Because her weekly hours varied, the process of calculating damages for almost four years, or just under 200 weeks individually, was time consuming.

The Settlement Agreement (attached hereto as Exhibit A) provides that Defendants agree to pay a total settlement of $26,750.00, with $19,250.00 for Plaintiff and $7,500.00 for Plaintiff's attorneys' fees and costs. Plaintiff's recovery includes her actual damages of $9,435.82, plus liquidated damages in the amount of 100% of Plaintiff's actual damages as well as a slight recovery for Defendants' failure to provide Plaintiff with her weekly hours on a company paycheck. The

attorneys' fees to Plaintiff's counsel are $7,098.00, which is just approximately 26% of the total recovery, and well below the 33% typically sought by the Plaintiffs' bar in wage and hour actions. Costs expended to date are $402.00. Plaintiff's attorney spent 31 hours on this claim. The fee requested reflects a 43% reduction of Plaintiff's attorney's actual time worked.

The Parties submit that the Court should approve the Settlement Agreement as fair and reasonable, including the stipulated attorneys' fees, under the factors set forth in *Wolinsky*, 900 at 335, and in accordance with the *Cheeks* guidelines. 796 F.3d 199 (2d Cir. 2015). All Parties were counseled and represented by their respective attorneys throughout the settlement process. The Settlement Agreement was negotiated at "arms' length" through the Parties' respective attorneys after extensive records review, calculations, and negotiations. The proposed settlement is the product of serious and informed negotiations between the Parties and their counsel after almost four years of Plaintiff's time and pay records were provided. The case was complex in that there were potentially multiple additional Defendants to be added, including a separate entity, and a sub issue of potential successor liability, which required a Discovery Confidentiality Order and a careful review of the Contract of Sale between the predecessor owners and Defendants. Further the damages calculations were tedious in that just under 200 weeks of Plaintiff's hours worked needed to be separately calculated. Ultimately, the settlement dialogue resulted in an agreement on all material terms, providing Plaintiff with 200% of her unpaid wages, in addition to a minor penalty for Defendants' record violations. It accounts for the full range of potential wage recovery as well as just over a $1,250.00 penalty for Defendants' wage record violation, it avoids further burdens and expenses for both sides, and it acknowledges the risks of continued litigation and the disputed nature of the Parties' claims and defenses.

The settlement also meets the guidelines set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See also Gonzales v. Lovin Oven Catering of Suffolk, Inc*., 2015 WL 6550560 (E.D.N.Y. Oct. 28, 2015). Specifically, as prohibited by *Cheeks*, the instant settlement does not contain a confidentiality provision; the release agreed to by Plaintiff only releases Defendants from claims relating to wage-and-hour issues; and Plaintiffs' attorneys' fees, which have been approved as reasonable innumerable times in the Eastern District of New York reflects a reduction of 43% of Plaintiff's attorney's actual time worked. Counsel Jaffe is billed at $400.00 per hour, which has been approved by Courts in New York and New Jersey. Courts have routinely found such fees to be acceptable in this district. *See Romero v. Westbury Jeep Chrysler Dodge, Inc*. 2016 WL 1369389 (E.D.N.Y., Apr. 6, 2016). Jaffe Glenn Law Group, P.A., is a two-person law firm practicing almost exclusively in federal employment litigation with a concentration on wage claims under FLSA and associated state laws in New Jersey, New York and Florida. Combined, Jaffe Glenn Law Group, P.A., has almost 30 years of experience in the primarily exclusive prosecution of FLSA matters and over 55 years of combined experience concentrating in litigation matters generally.

This Court's approval of the Settlement Agreement is an express condition of the settlement, and the Parties have agreed to take all steps necessary to dismiss the lawsuit with prejudice. The Parties respectfully request that the Court approve this settlement as fair and reasonable and enter the Stipulation of Dismissal with Prejudice attached hereto as Exhibit C.

Respectfully submitted,

/s/Jodi Jaffe
Jodi J. Jaffe, Esquire
Jaffe Glenn Law Group, P.A.
300 Carnegie Center, Suite 150
Princeton, NJ 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*

/s/ Douglas Rowe
Douglas Rowe, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow. NY 11554
Tel: 516.296.7102
drowe@certilmanbalin.com
*Attorneys for Defendants*

Enclosures:
Exhibit A: Settlement Agreement and Release
Exhibit B: Affirmation and Redacted Counsels' Fees and Costs
Exhibit C: Stipulation of Dismissal with Prejudice